[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 55 year old plaintiff husband, who is an attorney currently employed by Aetna Life Casualty as a vice-president, and the 54 year old defendant wife, who is currently a receptionist secretary for ABB Combustion Engineering, were married on September 17, 1966 in South Weymouth, Mass. They have two adult children, both of whom attend college full time, the older son at N.Y.U. as a junior and the younger daughter at Bard College as a freshman. Both parties are in good health.
At the time of the marriage, the plaintiff was in private practice and remained in private practice until 1983 when he accepted the opportunity to become a Superior Court Judge where he remained for seven years, resigning from the bench to accept employment at Aetna. His current gross salary is $2,480.69 weekly and after deductions (excluding an incentive savings plan, deduction of $135.35), his net weekly salary is $1,561.85.
After one year of college, the defendant spent five years in office work and then 5.5 years as a flight attendant before marrying the plaintiff. After the older child was born on June 23, 1971, the defendant spent the next twelve years as a homemaker until she returned to part time work in 1983.
The parties separated in early 1986 when the plaintiff vacated the family home. Counselling was engaged in for a time and the plaintiff returned to the family home for three months until he again moved out in October, 1986. This action was commenced a year later and the defendant subsequently filed a cross complaint.
The parties' assets consist of the marital home located at 18 Crestview Drive, Somers, Connecticut which the plaintiff values at $265,000 and the defendant values at $230,000. It is encumbered by a $32,000 mortgage balance. The court finds the parties' equity in the real estate to be $200,000. The plaintiff owns a 1977 Piper Arrow airplane which he agreed was worth $35,000 if sold to another flyer but would bring only $15,000 if sold to a CT Page 3020 broker. He has about $26,000 on deposit with the State of Connecticut being the sum accrued while he was on the bench, available for his withdrawal albeit with some tax liability. He also owns $2,800 of common stock, a 1991 Subaru auto he values at $9,000, other older autos used by the children worth $3,000, a house trailer he values at $14,000, stock options worth $600 and an IRA account worth $6,000. The defendant owns a 1990 Honda with little equity over loan balance, furnishings she values at $1,000, an IRA account worth $2,700, a 401(k) account worth $837 and miscellaneous bank accounts totaling $206.
The plaintiff's mother conveyed her home to the plaintiff with the understanding that he held 50% for his one brother. The defendant is making no claim to this property.
The plaintiff has voluntarily assumed to pay the tuitions for both adult children which, for the current school year, totaled about $55,000. He testified that he intends to continue to pay these substantial educational bills for both children. The parties have no written document concerning same. However, in fixing the order of periodic alimony, the court is taking the educational expenses into account, as well as the defendant's attorney's closing argument that the order being requested by his client also takes these educational expenses into account. On the other hand, there is no basis on which a limit should be placed on either the periodic amount or its term other than death, remarriage, or by proof of Section 46b-86 (b).
After reviewing the evidence in light of the statutory criteria the court enters the following judgment on the cross complaint since that contains the prayer for alimony.
1. A decree is entered dissolving the marriage of these parties on the ground of irretrievable breakdown, all of the allegations of the cross complaint having been proven.
2. The complaint is dismissed as moot.
3. The real estate known as 18 Crestview Drive, Somers, Connecticut is ordered to be sold, with it being listed for sale after July 9, 1992 but on or before July 31, 1992 with a real estate broker to be agreed upon by the parties at an asking price agreed upon. Twenty (20%) percent of the net proceeds of sale shall be paid to the plaintiff and eighty (80%) percent of the net proceeds shall be paid to the defendant. Until the property is sold and closed, either party may move this court for further articulation of this order.
4. Exclusive possession of the marital home and ownership of its contents are awarded to the defendant except a Steinway piano CT Page 3021 which is awarded to the plaintiff who may remove it at his expense at a mutually convenient time.
5. The plaintiff is ordered to pay to the defendant as periodic alimony the sum of $350 weekly until the defendant's remarriage or the death of either party and this order is secured by a wage withholding ordered pursuant to Section 52-362, Connecticut General Statutes.
6. The court finds an arrearage of $6,000 due as of April 1, 1992 from plaintiff to defendant resulting from non payment of pendente orders. The defendant is ordered to pay same in full on or before April 10, 1992.
7. The plaintiff shall obtain, or amend if such coverage is presently in force in some form, life insurance covering his life naming the defendant as primary beneficiary for so long as he is obliged to pay periodic alimony, in an initial principal sum of $150,000 for three (3) years, $100,000 for the next three (3) years, $50,000 for the following three (3) years and $25,000 for a final three (3) years. The plaintiff is ordered to provide proof of coverage, payment of premiums, and notice of threatened lapse or cancellation to the defendant.
8. The plaintiff shall retain all of his other assets as his sole property.
9. The defendant shall retain all of her other assets as her sole property.
10. The plaintiff shall be solely responsible for all of the liabilities listed on his financial affidavit.
11. The defendant shall be solely responsible for all of the liabilities listed on her financial affidavit.
12. At the closing of title on sale of 18 Crestwood Drive, the plaintiff shall pay to the defendant the sum of $3,500 as an allowance to defray her legal expenses or, in any event, such payment shall be made no later than October 30, 1992.
Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, JUDGE CT Page 3022